## Case No. 7,542.

### The JOSEPH H. TOONE.

[Blatchf. Pr. Cas. 258.] [1]

District Court, S. D. New York. Nov., 1862.

BETTS, District Judge. The proceedings on the institution of this suit and the constructions of the pleadings, were noticed in the decision of the court in October term past. [Case No. 7,541.] On the 10th day of November instant the district attorney applied

[1] [Reported by Samuel Blatchford, Esq.]

for and obtained an order from the court for a monition to attach the vessel by delivering a copy of said monition to Charles Edwards, Esq., proctor for the claimants in the suit, in pursuance of the supreme court rule 44, in admiralty. The monition was returned in court by the marshal on its return day, "Served by delivery that day to the said proctor." Thereupon the district attorney moved a decree of condemnation against the vessel, for default of an answer to the libel in that respect. On the 18th instant Mr. Edwards appeared in court, and made, under oath, "an exception, objection and protest in writing on behalf of Aymar, the owner of the vessel, and as his advocate and proctor, against the requirements of such monition," setting forth in the instrument, in detail, the facts and grounds upon which it was founded, and praying and claiming that it be filed in the above suit. The court cannot understand this paper as a defence to the motion made by the district attorney, as it is specifically exceptive, and in bar to the competency of the court to act on the subject-matter of the additional process and monition. The appearance is not sub modo to the deficiency and irregularity of the proceedings against the vessel, and the inadequacy of evidence to convict her. That would be a defence in chief on the merits—the result and consequences which the protest seeks to prevent or render nugatory. The court, in its sentence against the cargo, expressly forbore to act on the allegations in the libel against the vessel, on the ground that no monition had been returned against her. If it had been understood that the owner had appeared by a proctor in defence of the vessel, such appearance would undoubtedly have cured the want of a monition or due notice to the vessel, and would have stood as such notice to the owner. Penhallow v. Doane [Case No. 10,925]; Hills v. Ross, 3 Dall. [3 U. S.] 331. The 44th admiralty rule of the supreme court meets the case where no notice by monition has been given to the owner of property proceeded against as prize, and not in port, and authorizes the service of the monition on the owner personally, or his agent or proctor residing in the district. The latter course has been pursued in the present instance. If the appearance of the proctor for the owner of the vessel was not absolute at first, so as to render the proceedings against her perfect without direct notice to him, then the service of the monition personally on him on the day of its return is adequate notice to bind his principal as to all subsequent steps regularly taken by the libellants in the cause. They are, accordingly, entitled to a decree of condemnation of the vessel by default, according to their prayer. A decree will be entered against the vessel, confirming her appropriation to the use of the government on the appraisal of value made of her at the time of her seizure.